IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Carlos Cephas,                    )
    Petitioner,               )
                             )
v.                                )    1:16cv22 (TSE/MSN)
                             )
Harold Clarke,                    )
    Respondent.               )

## MEMORANDUM OPINION

Carlos Cephas, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction of malicious wounding in the Circuit Court for Accomack County. Petitioner has paid the filing fee required by 28 U.S.C. § 1914(a). As it appears from the face of the petition that petitioner's claims are time-barred, the petition must be dismissed.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, petitioner was convicted on an unspecified date in 2005. Pet. at 3. He appealed the judgment to the Court of Appeals of Virginia, which denied the appeal on July 25, 2006. Id. The Case Status and Information website of the Supreme Court of Virginia reveals that petitioner's effort to seek further review by that tribunal was refused on May 24, 2007. R. No. 062678. Therefore, petitioner's conviction became final on August 22, 2007, the last date he could have petitioned the Supreme Court of the United States for a writ of

certiorari.[1]

In calculating the one-year limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not file an application for a state writ of habeas corpus until August 17, 2015, which received a procedural dismissal on December 11, 2015.[2] R. No. 151256. Petitioner filed the instant federal petition on December 23, 2015.[3]

Between August 22, 2007, the date petitioner's conviction became final, and August 17, 2015, the date he filed his state habeas corpus petition, approximately eight (8) years passed. Therefore, this petition was filed seven (7) years beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir.

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] The website indicates that petitioner also filed a state habeas corpus petition on November 9, 2006, which was refused on January 31, 2007. R. No. 062291. Since the conviction at issue here did not become final until August 22, 2007, the pendency of that proceeding has no relevance to the timeliness of this federal action.

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See Pet. at 16.

2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

On January 20, 2016, this Court entered an Order setting out the foregoing calculations and allowing the petitioner thirty (30) days within which to contest the application of the statute of limitations or to establish his entitlement to equitable tolling. (Dkt. No. 2) It was also noted in the Order that petitioner captions the first claim in the petition "actual innocence," and he cites McQuiggin v. Perkins, 569 U.S. __, 133 S.Ct. 1924 (2013) to support his statement that "his procedural default may not be used to deny him the right to have his habeas claim heard on the merits." Pet. at p.6 et seq. Petitioner was advised that in McQuiggin, the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. In deference to petitioner's pro se status, he was advised that as with an actual innocence claim in the context of other procedural defaults, the McQuiggin exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Petitioner was allowed an opportunity to explain in his response to the Order of January 20 why his case fits within this category. Lastly, petitioner was directed in the Order either to pay the statutory filing fee of $5.00 or to apply to proceed in forma pauperis within thirty (30) days. Petitioner paid the filing fee on February 9, 2016, but he has filed nothing to contest the application of the statute of limitations, to establish his entitlement to equitable tolling, or to explain his reliance on the actual innocence exception.

For the foregoing reasons, the petition must be dismissed as barred by the limitations provision of 28 U.S.C. § 2244(d). An appropriate Order shall issue.

Entered this 29th day of February 2016.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge